**UNITED STATES of America, Appellee.**

v.

**Ali Nejad PAHLAVANI, Appellant.**

No. 85–5576.

United States Court of Appeals, Fourth Circuit.

Argued June 6, 1986.

Decided Oct. 9, 1986.

Daniel J. Glanz, Alexandria, Va., for appellant.

William G. Otis, Asst. U.S. Atty., Alexandria, Va., (Justin W. Williams, U.S. Atty., Alexandria, Va., John T. White and Scott Snyder, Third-Year Law Students, on brief), for appellee.

Before WINTER, Chief Judge, and WIDENER and HALL, Circuit Judges.

WIDENER, Circuit Judge:

Ali Nejad Pahlavani appeals from his conviction in the United States District Court for the Eastern District of Virginia of knowingly possessing an identification document that appears to be a Department of Justice Arrival-Departure Record (Form I–94) that was produced without authority, in violation of 18 U.S.C. § 1028(a)(6). Finding no error, we affirm.

Pahlavani raises one issue in his appeal. Pahlavani argues that a Form I–94 is not an identification document as defined in 18 U.S.C. § 1028(d). Section 1028(d)(1) defines "identification document" as

a document made or issued by or under the authority of the United States Government, a State, political subdivision of a State, a foreign government, political subdivision of a foreign government, an international governmental or an international quasi-governmental organization which, when completed with information concerning a particular individual, is of a type intended or commonly accepted for the purpose of identification of individuals; . . .

18 U.S.C. § 1028(d)(1) (1982).

Pahlavani contends that a Form I–94 is not issued for purposes of identification nor is it commonly accepted as identification. We find that I–94 is commonly accepted as identification and we affirm Pahlavani's conviction on that ground.

During Pahlavani's trial, a Special Agent of the Immigration and Naturalization Service (INS) testified as to the accepted uses of Form I–94. The Special Agent testified that an alien must present his Form I–94 whenever an INS official asks him to do so;

that an alien must present it whenever he seeks employment; and that an alien must present it any time he seeks benefits, such as welfare or student aid, from federal or state agencies. We believe that such uses reflect the common understanding that Form I–94 is frequently used as an identification document. See *United States v. Quinteros*, 769 F.2d 968, 970 (4th Cir.1985) (social security card). In addition to the Special Agent's testimony concerning the accepted uses of Form I–94, there was also evidence presented during the course of Pahlavani's trial indicating that there is an illegal market for Form I–94's. Such evidence further reinforces our conclusion that Form I–94's have intrinsic value as identification. See *id.*

Finally, the legislative history concerning § 1028(d)(1) also reinforces our conclusion that Form I–94's are identification documents. In its report accompanying the bill that was to become the False Identification Crime Control Act of 1982, the House Judiciary Committee stated:

> The Committee intends that a "type" of identification document "commonly accepted for the purpose of identification of individuals" not be restricted to identification documents, such as driver's licenses, which are widely accepted for a variety of identification purposes. The Committee intends that "identification document" also include those which are "commonly accepted" in certain circles for identification purposes, such as identification cards issued by state universities and Federal government identification cards. The definition is intended to include blank identification documents which have not been completed with information relating to a particular individual. Finally, an identification card normally will include such identifying elements as an individual's name, address, date, or place of birth, physical characteristics, photograph, fingerprints, employer, or any unique number assigned to an individual by any Federal or State government entity.

H.REP. NO. 802, 97th Cong., 2d Sess. 9, *reprinted in* 1982 U.S.CODE CONG. & ADMIN.NEWS 3519, 3527.

Form I–94's bear an individual's name, passport or alien registration number, U.S. and foreign residence addresses, date and place of birth, etc., which we think suffice as identifying elements mentioned in the House Report above mentioned. Thus, we conclude that Congress intended such forms to come within the statutory definition of identification document for purposes of the False Identification Crime Control Act of 1982. See *United States v. Quinteros*, 769 F.2d at 970.

In sum, we hold that Department of Justice Arrival-Departure Records (Form I–94's) are identification documents for purposes of 18 U.S.C. § 1028.

Accordingly, the judgment of the district court is

AFFIRMED.