**STATE of Iowa, Appellant,**

v.

**David James ORTEGA, Appellee.**

**No. 87-550.**

Supreme Court of Iowa.

Jan. 20, 1988.

Robert P. Ewald, Asst. Atty. Gen., Ames, for appellant.

Leon F. Spies of Mellon & Spies, Iowa City, for appellee.

Considered by LARSON, P.J., and SCHULTZ, CARTER, LAVORATO and NEUMAN, JJ.

NEUMAN, Justice.

In December 1986, two University of Iowa employees observed defendant David Ortega creating what appeared to be blank driver's license forms on a university computer. Without alerting the defendant, the computer disc used by defendant to make the forms was turned over to university security personnel.

Several days later defendant was again observed at the computer making similar forms. University security personnel were notified and, upon approaching defendant, found him in possession of a computer printout containing ten blank Oregon driver's license forms. A sample is printed below.

**OREGON** DRIVER'S LICENSE

| LICENSE NO. | DATE OF BIRTH | TYPE |
|---|---|---|
| EXPIRES | DUPLICATE | SEX |
| CODES | HEIGHT | WEIGHT |
| SIGNATURE | | |

ADMINISTRATOR MOTOR VEHICLES DIVISION

The printout and computer disc were seized and defendant was subsequently charged by trial information with the crime of falsifying public documents in violation of Iowa Code section 718.5 (1985).

On a timely motion to dismiss filed by defense counsel, the district court ruled that the forms were not "public documents" as that term is ordinarily defined in the law. The State applied for discretionary review of the district court's dismissal and we now affirm.

Iowa Code section 718.5 states in its entirety:

A person who, having no right or authority to do so, *makes* or alters *any public document,* or any instrument which purports to be a public document, or who possesses a seal or any counterfeit seal of the state or of any of its subdivisions, or of any officer, employee or agency of the state or of any of its subdivisions, commits a class "D" felony.

(Emphasis added.) There is no dispute that defendant made the forms without authority to do so. The question to be answered is whether the forms constitute public documents.

The term "public document" is not defined in section 718.5 or elsewhere in the Code. Our task, therefore, is to place upon the statute a reasonable construction consistent with the evident legislative intent. *State v. Newman,* 313 N.W.2d 484, 486 (Iowa 1981). Because the statute is penal in nature, it must be construed strictly against the State, with any doubts about its meaning resolved in favor of the accused. *State v. Trucke,* 410 N.W.2d 242, 243 (Iowa 1987); *State v. Soppe,* 374 N.W.2d 649, 652 (Iowa 1985). As we attempt to discern what activity the legislature intended to

proscribe by section 718.5, we must follow the express terms of the statute and not what the legislature might or should have said. *See Kelly v. Brewer,* 239 N.W.2d 109, 113–14 (Iowa 1976). "[W]hen charges plainly fall outside the fair scope and intent of a statute's terms, the statute will not be construed to encompass these charges even if the charges appear to fall within the reasons and policies underlying the statute." *State v. Koplin,* 402 N.W.2d 423, 425 (Iowa 1987).

■ With these familiar principles in mind, we turn to the arguments the parties have advanced for our review. The State's argument dwells on the purpose to be served by section 718.5. Noting the existence of an illegal market for forms of false identification, the State argues that by enacting section 718.5 the legislature intended to punish those who create blank driver's license forms which upon completion can be used for unlawful purposes. Because the possession of blank motor vehicle license forms is a simple misdemeanor violating Iowa Code section 321.216(7), the State proceeds to the conclusion that it would be anomalous to proscribe the possession of the blank forms and the use of falsely completed forms without proscribing the creation of the blank forms.

Such reasoning, unfortunately, leaves us short of the mark. The statute, by its terms, prohibits the unauthorized creation of public documents, not blank forms. To accept the State's thesis, one must overlook the ultimate question: At what point does the creation become a public document?

We think the defendant's argument, embraced by the district court, provides a reasonable answer. Like the trial court, we are persuaded that the term "public document" is synonymous with "public record" which we have previously defined as a

> writing ... which an officer is required by law to keep or which is intended to serve as a memorial and evidence of something written, said, or done by the officer or public agency.

*Linder v. Eckard,* 261 Iowa 216, 220, 152 N.W.2d 833, 836 (1967). Commentators have uniformly observed that legislation prohibiting the falsification of such documents is aimed at records which evidence the discharge of a duty imposed by law or which serve as a memorial of something already written, said, or done. *See* Annotation, *What Constitutes a Public Record or Document Within Statute Making Forgery Thereof an Offense,* 69 A.L.R.2d 1097 § 1, at 1096–97 (1960). Stated otherwise:

> The crime of falsification of public records refers to those writings which evidence the *completed acts* of public servants, such as the minutes of courts, public boards, and commissions, or those documents which under the law must be recorded by a public officer....

66 Am.Jur.2d *Records and Recording Laws* § 11, at 348 (1973) (emphasis added). As the defendant aptly notes, the blank Oregon driver's licenses he is accused of making do not evidence the completed acts of any public servants, nor do they purport to disseminate information to the public or serve as a memorial of any official transaction. A blank license, by definition, is of no public use. *See* Iowa Code § 321.216(7).

Moreover, the blank computer printed forms, having no legal efficacy, are void on their face. They evidence no legally enforceable right and therefore have no capacity to deceive anyone concerning rights or liabilities affected by government. Such an instrument cannot be the subject of a forgery, there being no legal tendency on the part of such an instrument to effect a fraud. *See* Wharton *Criminal Law* (C. Torcia 14th Ed. 1981) § 512, at 147; *Poe v. People,* 163 Colo. 20, 24–25, 428 P.2d 77, 80 (1967); *Smith v. State,* 7 Md.App. 457, 462, 256 A.2d 357, 367 (1969).

The State cites two federal cases in support of its argument that even blank driver's license forms are public documents within the meaning of section 718.5. In *United States v. Quinteros,* 769 F.2d 968 (4th Cir.1985), and *United States v. Pahlavani,* 802 F.2d 1505 (4th Cir.1986), defendants were convicted for falsification and possession of blank social security cards. The Fourth Circuit Court of Appeals recognized that the documents were of value in

an illegal market because, upon completion, they could be used to deceive immigration officials relying on them for identification. *Quinteros*, 769 F.2d at 969; and *Pahlavani*, 802 F.2d at 1505. Unlike Iowa Code section 718.5, however, the federal statute at issue in both cases expressly prohibits the making of *blank* identification documents. *See* 18 U.S.C. § 1028(d) (1982). None of the other false document cases cited by the State even remotely suggest that a totally blank document, such as that possessed by defendant, would support a conviction for forgery or falsification.

The district court, mindful that government agencies must rely on standard forms for efficiency and consistency, concluded that defendant's printed materials—in their present form—pose no threat to the integrity of the public process. We endorse that assessment of defendant's action and affirm the court's dismissal of the trial information.

AFFIRMED.