**STATE of Iowa, Appellee,**

v.

**Lawrence Joseph BYERS, Appellant.**

No. 89–1493.

Supreme Court of Iowa.

June 20, 1990.

as Corrected June 28, 1990.

Raymond E. Rogers, State Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Amy M. Anderson, Asst. Atty. Gen., and Denver D. Dillard, County Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, SNELL and ANDREASEN, JJ.

SNELL, Justice.

Lawrence Joseph Byers appeals the sentence imposed after he pled guilty to a charge of delivery of cocaine, second offense. In his sole assignment of error, he

argues that the sentencing judge incorrectly invoked the provisions of Iowa Code section 204.413 (1987), which, when applied by a sentencing court, requires an individual convicted of an offense pursuant to Iowa Code section 204.401(1)(a) and (b) (1987), to serve a minimum of one-third of his or her sentence. Byers contends that he was sentenced pursuant to Iowa Code section 204.-411 (1987), and that as a result section 204.413 does not apply. We affirm the judgment of the district court.

The record reflects the following facts. Byers was twenty-nine years old when he pled guilty to a second offense for delivery of cocaine. He admitted at sentencing to a twenty-year history of substance abuse, and has a record of misdemeanor arrests, some of which were related to his substance abuse problems. In June 1988 Byers was charged with delivery of cocaine, and was sentenced to probation in February 1989. Only a few days later, Byers was again charged with delivery of cocaine.

Pursuant to a plea agreement, Byers pled guilty to the second offense on August 2, 1989, and was sentenced on September 1, 1989. The State recommended that the sentences arising out of the second conviction and the revocation of his probation be served concurrently. The State also recommended that Byers be sentenced under the enhancement provisions of Iowa Code section 204.411, and that he serve a minimum of one-third of the enhanced sentence in accordance with Iowa Code section 204.413. The sentencing court accepted the State's recommendation with regard to concurrent sentencing on the two charges, and applied section 204.411(1) to enhance the sentence on the second drug charge. The sentencing court also imposed the minimum mandatory sentence provided by section 204.413.

Section 204.401(1)(a) provides:

(1) Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance, or to act with, enter into a common scheme or design with, or conspire with one or more other persons to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance.

Any person who violates this subsection with respect to:

(a) A substance classified in schedule I or II which is a narcotic drug or cocaine, is guilty of a class "C" felony.

A class "C" felony is punishable by a term of imprisonment not to exceed ten years. Iowa Code § 902.9(3) (1987). When an individual is convicted of a second offense pursuant to section 204.401(1)(a), the sentencing court may impose an enhanced punishment by increasing the amount of any fine imposed up to three times the amount authorized by Iowa Code section 902.9(3). The court may, in addition to the enhanced fine or in lieu thereof, impose an enhanced term of incarceration of up to three times the maximum sentence authorized by Iowa Code section 902.9(3). The sentencing court may also, in its sound discretion, decline to impose the enhanced sentence. Iowa Code § 204.411(1) (1987).

In this case, the court chose not to impose a fine, but did impose an additional period of incarceration pursuant to section 204.411. Section 204.411(1) states:

Any person convicted of a second or subsequent offense under this chapter, may be punished by imprisonment for a period not to exceed three times the term otherwise authorized, or fined not more than three times the amount otherwise authorized, or punished by both such imprisonment and fine.

The court also invoked Iowa Code section 204.413 to require that Byers serve a minimum of one third of the enhanced sentence. Section 204.413 provides:

*A person sentenced pursuant to section 204.401, subsection 1, paragraph "a" or "b" shall not be eligible for parole until the person has served a minimum period of confinement of one-third of the maximum indeterminate sentence prescribed by law.*

(Emphasis added.)

■ Byers argues that he was not sentenced pursuant to section 204.401(1)(a).

He contends that the sentencing court imposed his sentence pursuant to section 204.411, and that as a consequence the minimum sentencing provisions of section 204.413 are inapplicable. He points out that by its own terms, section 204.413 is only applicable to sentences imposed pursuant to section 204.401(1)(a) and (b). Byers concludes that the statutory language is clear and unambiguous, and that by its decision the sentencing court impermissibly extended the reach of the statute. We disagree, since we cannot accept the premise that section 204.411 is a separate sentencing provision.

 In determining that section 204.411 does not stand alone as a separate sentencing provision, we follow well-known rules of statutory construction. Statutes that are penal in nature are to be strictly construed, with any doubt resolved against the State and in favor of the accused. *See State v. Ortega*, 418 N.W.2d 57, 58–59 (Iowa 1988); *State v. Trucke*, 410 N.W.2d 242, 243 (Iowa 1987). In determining what the legislature intended in adopting the sentencing provisions of chapter 204, we are constrained to follow the express terms of the statute. *Ortega*, 418 N.W.2d at 58–59. We may not, under the guise of construction, enlarge or otherwise change the terms of the statute. *State v. Hatter*, 414 N.W.2d 333, 337 (Iowa 1987). We must determine the meaning of section 204.411 by considering its terms in pari materia with the other provisions of chapter 204 and all other pertinent statutes. *State v. Hill*, 449 N.W.2d 626, 627 (Iowa 1989) (citing *Maguire v. Fulton*, 179 N.W.2d 508, 510 (Iowa 1970)). We consider the object sought to be accomplished and the evil sought to be remedied, and seek a reasonable interpretation that will best effect the legislative purpose and avoid absurd results. *State v. Bessenecker*, 404 N.W.2d 134, 137 (Iowa 1987).

We conclude that section 204.411 must be seen as an enhancement provision to sentences imposed pursuant to section 204.401. We note that the terms of section 204.411 do not define a crime or determine its severity, as do other provisions of chapter 204. Section 204.411 can be applied only after conviction pursuant to the specific sections of chapter 204 that do define particular offenses and determine their severity, such as section 204.401. Likewise, the level of the offense with which Byers was charged and the minimum mandatory punishment cannot be determined without reference to section 204.401(1)(a). This is the provision of the Code under which Byers was sentenced. The sentencing court correctly applied section 204.411(1) to enhance the sentence imposed pursuant to section 204.401(1)(a). It correctly applied section 204.413 to assure that a minimum of one-third of the enhanced sentence imposed pursuant to section 204.401(1)(a) is served by Byers. Accordingly, we affirm the decision of the sentencing court.

AFFIRMED.