# IN THE COURT OF APPEALS OF IOWA

No. 14-0751
Filed March 25, 2015

JAMES W. OLINGER and LARRY
C. MEYER,
     Plaintiffs-Appellants,

vs.

ROBERT SMITH, WALTER UTMAN
and GAYLORD PITT, HARRISON
COUNTY, IOWA and UTMAN
DRAINAGE DISTRICT,
     Defendants-Appellees.

_____

Appeal from the Iowa District Court for Harrison County, James M. Richardson, Judge.

Appellants appeal the district court's orders concerning claims that appellees violated Iowa's Open Meetings Act. **VACATED IN PART AND REMANDED.**

Jessica A. Zupp of Zupp & Zupp Law Firm, P.C. and Allen K. Nepper of Nepper Law Firm, Denison, for appellants.

Sasha L. Monthei of Sheldrup Blades, Cedar Rapids, for appellees.

Heard by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, J.**

James Olinger and Larry Meyer claim the Utman Drainage District Trustees violated Iowa's Open Meetings Act (IOMA). Olinger and Meyer have appealed from a ruling by the district court claiming the court erred in ordering damages before ascertaining whether the Utman Drainage District's Trustees' violation on November 7, 2013, was made knowingly, erred in suspending those damages, and erred in failing to award Olinger and Meyer attorney fees or costs. Olinger and Meyer further contend the district court erred in failing to find an IOMA violation on November 14, 2013, arguing Iowa Code section 21.5(1)(c) (2013) cannot be invoked unless counsel is present. We vacate in part and remand.

## I.     Background Facts and Proceedings

Robert Smith, Walter Utman, and Gaylord Pitt comprised the Harrison County Board of Supervisors in November 2013. Acting in their capacity as trustees for the Utman Drainage District (trustees), they went into closed sessions on November 7 and November 14, 2013, allegedly to discuss matters relating to pending litigation. In pleadings, the trustees admitted counsel for the district was not present at either meeting.

On November 25, 2013, James Olinger and Larry Meyer filed a petition alleging that both closed sessions were held in violation of IOMA. Olinger and Meyer filed a motion seeking an in camera inspection of the recording of the closed sessions. The trustees answered by asserting litigation was in fact pending or imminent. The court approved an order presented jointly by the

parties that stipulated to the district court's in camera inspection of the recordings of the meetings for the purposes of "determin[ing] whether prejudice to the public will result from disclosure of any portion of the recordings or, in the alternative, whether the probative value of the recordings outweighs any prejudice to the public which might result from such disclosure." *See* Iowa Code § 21.5(4).

After the inspection, the district court filed an order on March 4, 2014, which held Olinger and Meyer were entitled to access the November 7, 2013 recording as it merely evidenced a discussion of whether to pay the costs of subpoenas from a previous lawsuit, the release of which would not prejudice the trustees in future proceedings. The court found the November 14, 2013 recording should not be released, however, as the trustees discussed litigation strategy involving imminent litigation, the release of which would prejudice the trustees. Upon finding the recording from the November 7, 2013 meeting must be disclosed, the court invoked Iowa Code section 21.6(3)(a) and ordered each participating trustee to pay a $100 fine. The court, apparently sua sponte, supplemented its order on March 11, 2014, by suspending this fine and providing that "[i]n lieu of the fine" the trustees purchase an "Open Meetings, Open Records" handbook from the Iowa Freedom of Information Council for two dollars.

On March 13, 2014, the trustees filed an Iowa Rule Civil Procedure 1.904(2) motion to amend both orders as they were not afforded an opportunity to establish their compliance with IOMA or present defenses pursuant to section 21.6(3)(a). On March 21, 2014, Olinger and Meyer also filed a rule 1.904(2)

motion asserting their in camera motion was limited to the question of prejudice and disclosure, not the assessment of penalties pursuant to IOMA, that the district court erred in not allowing the trustees to present section 21.6(3)(a) defenses, erred in finding only one IOMA violation, and erred in suspending the trustees' fines. The trustees withdrew their motion on March 24, 2014.

The court held a telephone hearing on Olinger and Meyer's rule 1.904(2) motion to reconsider on April 11, 2014, at which time the motion was summarily overruled and denied. Olinger and Meyer appeal the court's orders.

## II.    Damages, Fees and Costs and the November 7 Meeting

Our review is for correction of errors at law. Iowa R. App. P. 6.907.

Iowa Code section 21.3 requires meetings of governmental bodies to be held in open session unless closed sessions are expressly permitted by law. Section 21.5(1) provides, in part,

> A governmental body may hold a closed session only to the extent a closed session is necessary for any of the following reasons:
> . . . .
>     c. To discuss strategy with counsel in matters that are presently in litigation or where litigation is imminent where its disclosure would be likely to prejudice or disadvantage the position of the governmental body in that litigation.

Pursuant to section 21.6(2), the burden is on plaintiff to prove a governmental body went into closed session. Once the plaintiff so demonstrates, the burden shifts to the defendants to demonstrate compliance with chapter 21. *See* Iowa Code § 21.6(2). If a court finds the defendants violated chapter 21, it

> [s]hall assess each member of the governmental body who participated in its violation damages in the amount of not more than five hundred dollars and not less than one hundred dollars. However, *if a member of a governmental body knowingly*

*participated in such a violation*, damages shall be in the amount of not more than two thousand five hundred dollars and not less than one thousand dollars.

*See id.* § 21.6(3)(a) (emphasis added).

Pursuant to section 21.6(3)(a), a defendant member can avoid the imposition of these damages and defend against the IOMA violation claim by establishing the member:

> (1) Voted against the closed session.
> (2) Had good reason to believe and in good faith believed facts which, if true, would have indicated compliance with all the requirements of this chapter.
> (3) Reasonably relied upon a decision of a court, a formal opinion of the Iowa public information board, the attorney general, or the attorney for the governmental body, given in writing, or as memorialized in the minutes of the meeting at which a formal oral opinion was given, or an advisory opinion of the Iowa public information board, the attorney general, or the attorney for the governmental body, given in writing.

If successful, a defendant member not only avoids personal sanctions, but also avoids personal responsibility for the costs and attorney fees pursuant to section 21.6(3)(b), which states the court:

> shall order the payment of all costs and reasonable attorney fees in the trial and appellate courts to any party successfully establishing a violation of this chapter. The costs and fees shall be paid by those members of the governmental body who are assessed damages under paragraph "a". If no such members exist because they have a lawful defense under that paragraph to the imposition of such damages, the costs and fees shall be paid to the successful party from the budget of the offending governmental body or its parent.

In its order approving the in camera inspection, the court stated its purpose for listening to such recordings was to determine "whether the Plaintiffs be given access to all or portions of the recordings for the purpose of reviewing,

copying and using them for trial preparation and trial." The court order did not indicate—nor had the parties requested—that this determination would resolve the issue of whether an IOMA violation occurred, or the potential damages or relevant defenses. On March 4, 2014, the district court ordered each member of the Harrison County Board of Supervisors that participated in the November 7, 2013 meeting to pay $100 "fine" for holding a closed session on that date.

Both parties find errors in the district court's order. With respect to the ruling on the November 7 meeting, Olinger and Meyer contend the court erred in imposing final damages before ascertaining whether the trustees knowingly participated in the violations as outlined in section 21.6(3)(a), erred in suspending those damages, and erred in failing to award them attorney fees and costs for the trustees' IOMA violation according to section 21.6(3)(b).

The trustees concede the district court erred in imposing damages before making a finding they violated IOMA[1] and erred in failing to grant them an opportunity to be heard and present defenses pursuant to section 21.6(3)(a)(1)–(3).

A. Knowingly or unknowingly

The district court's March 4, 2014 order made no express finding that the trustees violated IOMA, but implicitly did so when it assessed damages pursuant to section 21.6(3)(a). The order also made no finding regarding whether the trustees knowingly violated IOMA at the November 7 meeting. The court's order

---

[1] A court determination under section 21.5(4) that minutes or recording of a closed meeting must be disclosed to a party seeking enforcement of IOMA is not a determination that a violation of IOMA has occurred. *Compare* Iowa Code § 21.5(4) *with* § 21.6.

assessing damages was premature and constitutes error as it assessed damages without giving the plaintiffs an opportunity to present evidence necessary for the court to determine whether each member "knowingly participated in such a violation" pursuant to section 21.6(3)(a).

B.    Damages

Section 21.6(3)(a) states the district court "shall" assess damages upon a determination a violation has occurred, and provides damage amounts to be assessed.  Chapter 21 makes no provision for suspending or waiving an assessment.  If the court finds a violation of IOMA has occurred, and the court finds that a member has not proved any of the defenses under section 21.6(3)(a)(1), (2) or (3), an assessment of damages is mandatory and the district court is not permitted to suspend such assessment or reduce it below the statutory mandate.  The district court erred when it suspended the "fine."

C.    Defenses

The  court committed error when its March 4, 2014 order assessed damages without allowing the trustees the opportunity to present any defense per section 21.6(3)(a)(1), (2) or (3).[2]

D.    Attorney Fees

Section 21.6(3)(b) mandates the award of attorney fees to a party successfully establishing a violation of IOMA.  The March 4, 2014 order fails to address attorney fees.  On remand, if the court finds the trustees have proved a

---

[2] Although the trustees did not cross-appeal, the plaintiffs specifically requested a remand "for a 'knowingly' hearing so both sides can present evidence on that issue" and requested a hearing to determine whether the trustees acted in good faith.  The trustees also assert personal immunity pursuant to chapter 28H.

valid defense, the obligation to pay the plaintiffs' attorney fees shifts to the governmental body or its parent pursuant to section 21.6(3)(b).

With regard to the November 7, 2013 meeting, the district court order that requires the trustees to disclose the recording stands as entered; no party appealed from that portion of the ruling. The damages provision and any other ordered provisions concerning that meeting are vacated. We remand for further proceedings consistent with this ruling.

## III.     Presence of Counsel and the November 14 Meeting

On appeal, Olinger and Meyer argue the court erred in finding only one violation of IOMA, and that it should have found a violation regarding the November 14, 2013. They argue that counsel must have been present to legally invoke the closed meeting exception found in section 21.5(1)(c), and that the trustees violated IOMA when they proceeded into closed session on November 14, 2013, without an attorney present. They have framed the issue as seeking reversal of the district court's finding that no violation occurred on November 14, and arguing they were not allowed to address the issues of damages and attorney fees. In their pleadings, the trustees admitted that an attorney was not present, but they argue on appeal that a closed meeting is permissible under section 21.5(1)(c) regardless of an attorney's presence.

In our discussion of the November 7 meeting, we noted the district court did not explicitly find the trustees violated IOMA, but that it implicitly made such a determination when it proceeded to award damages pursuant to section 21.6(3)(a). Similarly, the district court did not make any explicit finding the

trustees did not violate IOMA concerning the November 14 meeting. The only explicit finding the court made concerning the November 14 meeting was that the plaintiffs were not entitled to the recording of the meeting. But in examining the entire order and considering the court's intended finality of the proceedings, it is clear the court implicitly determined no violation of IOMA occurred. The only reasonable interpretation of the court's order of March 4, 2014, and its nunc pro tunc order of March 11, 2014, is that it had concluded the trustees had not violated IOMA as to the November 14, 2013 meeting. Upon denial of the plaintiffs' rule 1.904(2) motion, the court obviously considered the case concluded. Both parties have proceeded in this appeal on the assumption the court found no violation of IOMA concerning that meeting. All parties have agreed the issue is preserved. Based on our view of the court's final ruling on the issue and the manner in which the parties have briefed the case, we will address the issue as though the court explicitly found the trustees did not violate IOMA on November 14.

Although Olinger and Meyer appealed all adverse rulings and orders, they did not brief or argue that the court erred when it denied their request to access the recording of the November 14 meeting. Thus, that portion of the ruling stands. *See State v. Short*, 851 N.W.2d 474, 479 (Iowa 2014) (noting that an issue will be waived if the parties fail to advance it on appeal).

The court's determination that the recording need not be disclosed was a preliminary issue—limited by the plaintiffs' motion for in camera inspection, by the stipulated order approved by the court, and by Iowa Code section 21.5(4)—

and should not have been considered dispositive of the entire case. The extent to which the court's March 4 order was a determination that the trustees had not violated IOMA with regard to the November 14 meeting, such a ruling was premature and must be vacated, as that ultimate issue was not before the court at that time. The parties are entitled to develop the record necessary for the court to determine whether a violation of IOMA occurred; and, if so, to determine damages, consider defenses, and award attorney fees and costs as directed above in our discussion of the November 7 meeting.

On remand we expect one of the fighting issues to be whether counsel must be present in order to satisfy section 21.5(1)(c). As the matter has been fully briefed on this appeal, "we will address that question now to provide guidance upon remand." *Downs v. Bd. of Trs. of Police Ret. Sys. of City of Sioux City,* 312 N.W.2d 563, 567 (Iowa 1981). Section 21.5(1)(c) allows a governmental body to hold a closed session "[t]o discuss strategy with counsel in matters that are presently in litigation or where litigation is imminent where its disclosure would be likely to prejudice or disadvantage the position of the governmental body in that litigation." Iowa Code § 21.5(1)(c).

"In determining what the legislature intended . . . we are constrained to follow the express terms of the statute." *State v. Byers*, 456 N.W.2d 917, 919 (Iowa 1990). "When a statute is plain and its meaning clear, courts are not permitted to search for meaning beyond its express terms." *State v. Chang*, 587 N.W.2d 459, 461 (Iowa 1998). If we find the statute is unambiguous, we may not utilize additional canons of statutory construction to further develop its meaning.

*See State v. Messer*, 822 N.W.2d 116, 119 (Iowa 2012).  We do not find section

21.5(1)(c)'s language to be ambiguous.  Our supreme court has explained:

> We have consistently stated that the purpose of statutory interpretation is to determine legislative intent.  *See, e.g.*, *In re Estate of Bockwoldt*, 814 N.W.2d 215, 223 (Iowa 2012).
>> "We give words their ordinary and common meaning by considering the context within which they are used, absent a statutory definition or an established meaning in the law.  We also consider the legislative history of a statute, including prior enactments, when ascertaining legislative intent.  When we interpret a statute, we assess the statute in its entirety, not just isolated words or phrases."
>
> *Id.* (quoting *Doe v. Iowa Dep't of Human Servs.*, 786 N.W.2d 853, 858 (Iowa 2010)) (citations omitted).
>
> In ascertaining legislative intent, we consider "the statute's subject matter, the object to be accomplished, the purpose to be served, underlying policies, remedies provided, and the consequences of the various interpretations."  *State v. Dohlman*, 725 N.W.2d 428, 431 (Iowa 2006) (citation and internal quotation marks omitted).  We also consider the legislative history of a statute when determining legislative intent.  *Id.* at 431–32.

*State v. Lindell*, 828 N.W.2d 1, 5 (Iowa 2013) *cert. denied,* 134 S. Ct. 249 (2013).

The trustees contend that the placement of "or" in section 21.5(1)(c)—

"presently in litigation or where litigation is imminent"—makes the presence of

counsel optional.  They assert for the session to be closed counsel needs to be

present to discuss matters presently in litigation, but not to discuss imminent

litigation.

As the phrase "discuss strategy with counsel" is placed at the beginning of

the sentence, we find it modifies both the "presently in litigation" and "where

litigation is imminent" clauses.  Both clauses are dependent, and thus, both made

whole and constrained by the "to discuss strategy with counsel" clause

introducing the exception.  As explained below, legislative intent—derived from

related statutes and legislative history—supports our grammatical interpretation that "discuss strategy with counsel" applies to both clauses.

The source of Iowa's litigation exception can be traced to House File 2074. *See* 1978 Iowa Acts, ch. 1037, § 6. The exception, along with other provisions of the Act, was introduced on January 19, 1978. *See* H. Journal, 67th G.A., 2nd Sess., at 143 (Iowa 1978). As introduced, the litigation exception was the same as the exception before the court today. Throughout its time in both the House and Senate, H.F. 2074 was drafted narrowly. *See, e.g.*, H. Journal, 67th G.A., 2nd Sess., at 197–98 (H-5114, amendment attempting to change "imminent" to "possible" lost).

The bill passed the House and when it was received back from the Senate on April 5, 1978, it included an amendment to strike the words "with counsel" from the exception. *See* H. Journal, 67th G.A., 2nd Sess., at 1372 (H-5914, Senate amendment to House amended H.F. 2074, striking p. 4 line 1 words "with counsel"). Certainly, such an amendment would have permitted closed sessions to discuss litigation regardless of attorney presence.

For our purposes, however, it is most significant that H-5914 was introduced and considered, but failed to pass. On April 27, 1978, the House heard a conference committee report from a joint House-Senate committee appointed to reconcile the differences between House and Senate versions of the H.F. 2074. *See* H. Journal, 67th G.A., 2nd Sess., at 1967. The committee recommended the Senate recede from its H-5914 amendment entirely; it further recommended a series of mutual amendments for which "with counsel" would

remain in the bill. *See* H. Journal, 67th G.A., 2nd Sess., at 1968. The conference committee report was adopted by the House. *See* H. Journal, 67th G.A., 2nd Sess., at 1970. The bill passed the House with the committee's recommended changes on April 27, 1998. *See* H. Journal, 67th G.A., 2nd Sess., at 1970–971. On May 2, 1978, the Senate informed the House that it likewise adopted the committee report and passed H.F. 2074 with the committee's amendments. *See* H. Journal 67th G.A., 2nd Sess., at 2106. Certainly, Iowa's legislature intended closed sessions to be held "with counsel".

This is consistent with the way in which our sister states have interpreted similar provisions. *See Page v. MiraCosta Cmty. Coll. Dist.*, 102 Cal. Rptr. 3d 902, 924, 927–28 (Cal. Ct. App. 2009) (stating the statute which allowed for closed sessions to "confer with, or receive advice from, its legal counsel" only applied to meetings between board and *their own* legal counsel, not to a meeting with opposing parties and their counsel); *Tobacco Use Prevention & Control Found. Bd. of Trs. v. Boyce*, 925 N.E.2d 641, 658–59 (Ohio Ct. App. 2009), *aff'd*, 941 N.E.2d 745 (Ohio 2010) (noting litigation exception which allowed for closed sessions to conduct "conferences with an attorney" did not apply when board's attorney was not present at meeting and attorneys that were present were not acting in their capacity as attorneys for the board); *see also Manning v. City of East Tawas*, 593 N.W.2d 649, 653 (Mich. Ct. App. 1999) (holding litigation exception—providing for closed sessions so that a board may "consult with its attorney"—is invoked whenever the public body meets with an attorney, regardless of whether it is *its own* attorney), *overruled on other grounds by*

*Speicher v. Columbia Twp. Bd. of Trs.*, ___ N.W.2d ___, ___, 2014 WL 7270359 (Mich. 2014).

Some states have interpreted the litigation exception so narrowly as to not apply in some situations even if counsel is present. *See Brainerd Daily Dispatch v. Dehen*, 693 N.W.2d 435, 437, 442 (Minn. Ct. App. 2005) (stating the attorney-client privilege exception is narrowly construed to require openness in situations in which an attorney is present giving legal advice but discussing other city business); *Edinger v. Governing Auth. of Stutsman Cnty. Corr. Ctr. & Law Enforcement Ctr.*, 695 N.W.2d 447, 450, 451 (N.D. 2005) (stating "mere presence or participation of an attorney" at a meeting is not enough to invoke a litigation exception which provides for closed sessions for "attorney consultation").[3]

Further evidence of our legislature's intent that we should interpret IOMA "in favor of openness" is found in Iowa Code section 21.1: "Ambiguity in the construction or application of this chapter should be resolved in favor of openness." *See also Hall v. Broadlawns Med. Ctr.*, 811 N.W.2d 478, 485, 487 (noting the "presumption in favor of disclosure under [Iowa's] freedom of information statutes" and declining to "create through interpretation" of section

---

[3] Some states have litigation exceptions that do not include "with counsel." *See State v. Yzaguirre*, 163 P.3d 1183, 1189 (Idaho 2007) (discussing the attorney presence requirement of Idaho's then-litigation exception—providing for closed sessions to "consider and advise its legal representatives in pending litigation"—but declining to rule on it; notably, Idaho has amended its litigation exception to state that "the mere presence of legal counsel at an executive session does not satisfy this requirement"); *Mayer & Aldermen of Vicksburg v. Vicksburg Printing & Pub. Co.*, 434 So. 2d 1333, 1338–339 (Miss. 1983) (holding that the plain meaning of Mississippi's litigation exception—permitting closed sessions for "[s]trategy sessions or negotiations with respect to prospective litigation"—does not require attorney presence).

21.5(1) a "virtually limitless exception to our public records law" as "the specific exemptions contained in freedom of information statutes are to be construed narrowly").

Giving the words of section 21.5(1)(c) their ordinary and common meaning in the context of the statute, and upon consideration of the legislative intent derived from our review of legislative history and the express terms of section 21.1, together with our consideration of case law from other jurisdictions, we conclude that a closed session under Iowa Code section 21.5(1)(c) requires the presence[4] of counsel at the meeting in order to satisfy the requirement "to discuss strategy with counsel."

That portion of the March 4 order denying the plaintiffs' request to access the recording of the November 14 meeting stands as entered. To the extent the order is interpreted as a determination IOMA was not violated when the trustees went into closed session on November 14, such determination is vacated. We remand to permit the parties to develop the record and obtain a determination as to whether there was an IOMA violation on November 14, 2013, and if so, for other proceedings consistent with this opinion.

---

[4] On the record before us we offer no opinion as to the breadth and scope of the term "presence."

**IV.    Conclusion**

The decision of the district court requiring disclosure of the recording from the November 7, 2013 meeting stands as entered.  All other ordered provisions relating to that meeting are vacated and the parties shall have an opportunity to develop a record as set forth above.  The order of the court with regard to disclosure of the recording from the November 14, 2013 meeting stands as entered.  To the extent the order is interpreted as a determination IOMA was not violated when the trustees went into closed session on November 14, such determination is vacated.  This case is remanded for further proceedings consistent with this opinion.

**VACATED IN PART AND REMANDED.**