Douglas Scott **POPEJOY,**
Applicant–Appellee,

v.

**STATE of Iowa, Respondent–Appellant.**

No. 06–0102.

Court of Appeals of Iowa.

Oct. 25, 2006.

Thomas J. Miller, Attorney General, William A. Hill, Assistant Attorney General, and Harold L. Denton, County Attorney, for appellant.

Patrick E. Ingram of Mears Law Office, Iowa City, for appellee.

Considered by VOGEL, P.J., and MILLER and EISENHAUER, JJ.

MILLER, J.

The State of Iowa appeals the district court's grant of Douglas Scott Popejoy's application for postconviction relief, contending the court's interpretation of the language and intent of Iowa Code section 709.8 (2001) was incorrect. We reverse.

Popejoy was sentenced on April 25, 2001, to an indeterminate prison term of no more than ten years for neglect of a dependent person, in violation of Iowa Code section 726.3, and two terms of no more than five years for lascivious acts with a child, in violation of section 709.8(1). The sentencing order did not make the sentences consecutive, so they were concurrent. The sentencing court added language required by section 709.8, which provides in part, "A person who violates a provision of this section and who is sentenced to a term of confinement shall also be sentenced to an additional term of parole or work release not to exceed two years."

Popejoy discharged the two lascivious act sentences on July 6, 2003, and then he discharged the ten-year sentence for neglect of a dependent person on October 13,

2005. At the expiration of that ten-year sentence Popejoy was transferred to a work release facility.

Popejoy filed an application for postconviction relief on September 23, 2005, contending he could not be kept in the work release facility because of other parts of section 709.8. They provide, in part, that the additional term of parole or work release "shall commence immediately upon the expiration of the preceding sentence," and "shall be consecutive to the original term of confinement." Popejoy asserted in his postconviction application these phrases mean that any such period of restraint or supervision must begin immediately upon the expiration of the sentence for the crime which required imposition of the additional term of supervision. He argued that was the lascivious acts sentences which expired on July 6, 2003. He argued that because he was still confined in prison for more than two years after the expiration of the lascivious acts sentences he had met the requirements of section 709.8 while serving the remainder of his sentence for neglect of a dependent person. He concluded he thus could not be placed in a work release facility for an additional two years in October 2005.

A hearing was held on Popejoy's postconviction application. The district court granted postconviction relief, finding the additional two-year period of parole or work release supervision required by section 709.8 had expired while Popejoy was serving the concurrent, longer sentence for neglect of a dependent person. The court further found that Popejoy was in fact fully supervised for an additional two years after the expiration of the sex-related crime, as he remained in prison during that entire time.

■ The State appeals the district court's grant of Popejoy's postconviction application, contending the court's inter-pretation of the language and intent of section 709.8 is incorrect. The fighting issue is whether an additional two-year term of parole or work release pursuant to section 709.8, here stemming from Popejoy's convictions for lascivious acts with a child, can be discharged while the defendant remains in prison on the longer portion of a sentence, here for neglect of a dependent person.

■ We review the trial court's construction of a statute for correction of errors at law. *State v. Booth*, 670 N.W.2d 209, 211 (Iowa 2003); *In re Detention of Swanson*, 668 N.W.2d 570, 574–75 (Iowa 2003).

> In interpreting ... statutes, our primary goal is to give effect to the intent of the legislature. That intent is gleaned from the language of the statute as a whole, not from a particular part only. Because we presume the legislature intends a just and reasonable result, we interpret statutes to avoid impractical or absurd results.

*In re Detention of Betsworth*, 711 N.W.2d 280, 283 (Iowa 2006) (internal quotations and citations omitted).

> The polestar of statutory interpretation is the intent of the legislature. We seek to ascertain and effectuate the true legislative intent. We must not only examine the language of the statute, but also its underlying purpose and policies, as well as the consequences stemming from different interpretations. In doing so, we must construe the statute in its entirety.

*State v. Carpenter*, 616 N.W.2d 540, 542 (Iowa 2000) (citations omitted); *see also Iowa Comprehensive Petroleum Underground Storage Tank Fund Bd. v. Mobil Oil Corp.*, 606 N.W.2d 359, 363 (Iowa 2000) ("In interpreting the statute, our ultimate goal is to ascertain and give effect to the

intent of the legislature. We look to both the language and the purpose behind the statute." (Citations omitted.)). In addition, "although criminal statutes are to be strictly construed in favor of the accused, 'they must be construed reasonably and in such a way as to not defeat their plain purpose.'" *State v. Hagedorn,* 679 N.W.2d 666, 669 (Iowa 2004) (*quoting State v. Peck,* 539 N.W.2d 170, 173 (Iowa 1995)).

Our supreme court has frequently stated that we do not resort to the rules of construction when the terms of the statute are unambiguous. *Teamsters Local Union No. 421 v. City of Dubuque,* 706 N.W.2d 709, 714 n. 2 (Iowa 2005). "We do not search for meaning beyond the express terms of a statute when a statute is plain and its meaning is clear." *Cubit v. Mahaska County,* 677 N.W.2d 777, 781–82 (Iowa 2004) (quoting *In re Name Change of Reindl,* 671 N.W.2d 466, 469 (Iowa 2003)). However, when statutory language is ambiguous, the manifest intent of the legislature is sought and will prevail over the literal import of the words used. *State Pub. Defender v. Iowa Dist. Court for Black Hawk County* 633 N.W.2d 280, 283 (Iowa 2001). "[T]he manifest intent of our legislature prevails over the literal import of the words used." *State v. Anderson,* 636 N.W.2d 26, 35 (Iowa 2001).

As relevant to Popejoy's application for postconviction relief and to this appeal, section 709.8 provides:

A person who violates a provision of this section and who is sentenced to a term of confinement shall also be sentenced to an additional term of parole or work release not to exceed two years. The board of parole shall determine whether the person should be released on parole or placed in a work release program. The sentence of an additional term of parole or work release supervision *shall commence immediately upon the expiration of the preceding sentence* and shall be under the terms and conditions as set out in chapter 906. Violations of parole or work release shall be subject to the procedures set out in chapter 905 ["Community–Based Correctional Program"] or 908 ["Violations of Parole or Probation"] or rules adopted under those chapters. The sentence of an additional term of parole or work release *shall be consecutive to the original term of confinement.*

Iowa Code § 709.8. (Emphasis added). In ruling on Popejoy's application the district court concluded the language first emphasized above is unambiguous and requires that the additional term of parole or work release supervision commence "immediately upon the expiration of the term to which it is attached," meaning the term for the lascivious acts convictions. We respectfully disagree with the court's conclusion and resulting judgment.

We find the statute in question to be not entirely free from ambiguity. It not only requires that the additional two-year term "commence immediately upon the expiration of the preceding sentence," but also requires that the term "be consecutive to the original term of confinement." It does not expressly address the situation of multiple, concurrent sentences. The phrase "original term of confinement" is not defined. The statute does not make clear whether that phrase is limited to and applies only to the term served for the crime or crimes which required the additional term of parole or work release supervision, or includes the full term served for concurrent sentences simultaneously imposed. We therefore must attempt, utilizing the rules of construction discussed above, to determine the legislature's manifest intent in adopting the provision in question.

■ We agree with the State that the purpose of the statutory provision, and thus the manifest intent of the legislature, is to provide a controlled, gradual, supervised release into the community for persons who have been convicted of and confined for lascivious acts with a child. *See* Iowa Code § 709.8 (providing that the additional term "shall be under the terms and conditions as set out in Chapter 906"); *id.* § 906.1 (providing that "parole . . . is subject to supervision by the district department of correctional services," and that "work release is . . . pursuant to sections 904.901 through 904.909"); and *see id.* §§ 904.901–.909 (directing the establishment by the Iowa Department of Corrections of a work release program and establishing terms and conditions for work release). This intent and purpose cannot be achieved if the statute in question is construed to allow a person convicted of and confined for lascivious acts with a child to serve and discharge the two-year additional term while fully confined serving a prison sentence.

■ We conclude that as applied to cases involving concurrent sentences the phrase "the original term of confinement" means the entire term for which a person is sentenced to prison, including not only any sentence(s) for lascivious acts with a child but also any unrelated concurrent sentence(s). We further conclude the legislature's intent and purpose in directing that the additional two-year term "shall commence immediately upon the expiration of the preceding sentence" is to preclude the additional term being served concurrently with a term of confinement, and that the phrase "preceding sentence" must therefore be construed to include any concurrent sentence(s). We therefore conclude Popejoy's additional two-year term commenced upon expiration of his sentence on October 13, 2005, and the district court erred in its conclusion to the contrary.

We reverse the judgment of the district court.

**REVERSED.**