# IN THE SUPREME COURT OF IOWA

No. 09–0418

Filed May 14, 2010

**STATE OF IOWA,**

Appellee,

vs.

**MICHAEL LEROY ANDERSON,**

Appellant.

_____

Appeal from the Iowa District Court for Marshall County, Carl D. Baker, Judge.

Appellant appeals district court decision delaying implementation of a special sentence under Iowa Code section 903B.2. **DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED WITH INSTRUCTIONS.**

Mark C. Smith, State Appellate Defender, Patricia Reynolds, Assistant Appellate Defender, and Jordan T. Smith, Student Legal Intern, for appellant.

Thomas J. Miller, Attorney General, William A. Hill, Assistant Attorney General, and Jennifer Miller, County Attorney, for appellee.

**STREIT, Justice**.

Michael Anderson was ordered to serve a special sentence of ten years pursuant to Iowa Code section 903B.2. He argues this sentence should have begun to run when he discharged the sentence for the offense that triggered imposition of the special sentence. The State argues the special sentence should not begin to run until Anderson discharges a concurrent and separate prison sentence. Based on the language of the statute, the special sentence should have begun when Anderson discharged the sentence for the underlying criminal offense, regardless of his concurrent and unrelated sentence.

### I.    Background Facts and Prior Proceedings.

Michael Anderson pled guilty to sexual exploitation of a minor in violation of Iowa Code section 728.12(3) (2007) in Marshall County. He was sentenced to two years in prison, with the sentence to run concurrently with two consecutive five-year sentences imposed in Story County. In Story County, Anderson had been convicted of two counts of enticing away a minor in violation of Iowa Code section 710.10(2) (2005) and was sentenced to two sentences of up to five years in prison, to be served consecutively.

Based on the Marshall County conviction, Anderson was also ordered to serve a special sentence of ten years pursuant to Iowa Code section 903B.2 (2007). Section 903B.2 imposes a special sentence for certain offenses and requires that the special sentence be served "under supervision as if on parole." Essentially, section 903B.2 requires Anderson to serve an additional ten-year period of parole. Violation of parole may result in a two-year revocation for the first offense and a five-year revocation for subsequent violations.

Anderson discharged the Marshall County two-year sentence while he still had time remaining on the two consecutive five-year Story County sentences. Anderson filed a motion with the district court asking the court to order the State to implement the ten-year special sentence because Anderson had discharged the underlying Marshall County sentence. The district court first ordered that the sentence be implemented, but on a motion for reconsideration by the State, held it should not be implemented until after Anderson discharged the concurrent Story County sentences. Anderson appealed.

## II.     Scope of Review.

" 'We review the district court's construction of [a] statute for correction of errors at law.' " *State v. Booth*, 670 N.W.2d 209, 211 (Iowa 2003) (quoting *In re Detention of Swanson*, 668 N.W.2d 570, 575 (Iowa 2003)).

## III.     Merits.

Anderson was sentenced to a ten-year special sentence pursuant to Iowa Code section 903B.2.

Section 903B.2 states:

> A person convicted of a misdemeanor or a class "D" felony offense under . . . section 728.12 shall also be sentenced, in addition to any other punishment provided by law, to a special sentence committing the person into the custody of the director of the Iowa department of corrections for a period of ten years, with eligibility for parole as provided in chapter 906. *The special sentence imposed under this section shall commence upon completion of the sentence imposed under any applicable criminal sentencing provisions for the underlying criminal offense and the person shall begin the sentence under supervision as if on parole.* The person shall be placed on the corrections continuum in chapter 901B, and the terms and conditions of the special sentence, including violations, shall be subject to the same set of procedures set out in chapters 901B, 905, 906, and 908, and rules adopted under those chapters for persons on parole. The revocation of release shall not be for a period

greater than two years upon any first revocation, and five years upon any second or subsequent revocation. A special sentence shall be considered a category "A" sentence for purposes of calculating earned time under section 903A.2.

Iowa Code § 903B.2 (2007) (emphasis added).[1]

Both parties focus on the italicized sentence. Anderson argues that under section 903B.2, the special sentence should have begun when he discharged the sentence for the underlying offense in Marshall County that led to imposition of the special sentence. He argues the statutory language "underlying criminal offense" is unambiguous and compels the court to order that the special sentence be implemented from the date on which Anderson discharged the two-year Marshall County sentence.

The State argues the special sentence should not begin to run until Anderson discharges the separate and longer concurrent sentences from Story County. The State first argues the language of the statute is unambiguous because it refers to "any applicable criminal sentencing provisions" and should therefore be interpreted as applying to any concurrent sentences. In the alternative, the State argues the statute is ambiguous, and, therefore, this court must look to legislative intent. The State points to the court of appeals decision in *Popejoy v. State*, 727 N.W.2d 383, 387 (Iowa Ct. App. 2006), which held a similar statute imposing a two-year special sentence did not require imposition of the special sentence when the sentence for the underlying offense was completed, but instead when the defendant was released from prison after serving any longer, concurrent sentence.

---

[1]Iowa Code section 903B.2 was amended during the 2009 legislative session to clarify that the special sentence may also be served on work release, in addition to parole. The amendment added the sentence, "The board of parole shall determine whether the person should be released on parole or placed in a work release program." 2009 Iowa Acts ch. 119, § 60 (codified at Iowa Code § 903B.2 (Supp. 2009)). The amendment also added the words "or work release" after all references to parole. *Id.*

In interpreting section 903B.2, "our primary goal is to give effect to the intent of the legislature." *In re Detention of Betsworth,* 711 N.W.2d 280, 283 (Iowa 2006). "That intent is gleaned from the language of ' "the statute as a whole, not from a particular part only." ' " *Id.* (quoting *State v. Iowa Dist. Ct.,* 630 N.W.2d 778, 781 (Iowa 2001)). "In determining what the legislature intended . . . we are constrained to follow the express terms of the statute." *State v. Byers,* 456 N.W.2d 917, 919 (Iowa 1990). "When a statute is plain and its meaning clear, courts are not permitted to search for meaning beyond its express terms." *State v. Chang,* 587 N.W.2d 459, 461 (Iowa 1998). In determining plain meaning, "[s]tatutory words are presumed to be used in their ordinary and usual sense and with the meaning commonly attributable to them." *State v. Royer,* 632 N.W.2d 905, 908 (Iowa 2001).

If the language of a statute is ambiguous, " 'the manifest intent of the legislature is sought and will prevail over the literal import of the words used.' " *State Pub. Defender v. Iowa Dist. Ct.,* 633 N.W.2d 280, 283 (Iowa 2001) (quoting *State v. McSorley,* 549 N.W.2d 807, 809 (Iowa 1996)). We also note the rule of statutory construction that penal statutes "are to be strictly construed, with any doubt resolved against the State and in favor of the accused." *Byers,* 456 N.W.2d at 919.

The language of Iowa Code section 903B.2 is unambiguous. The statute states the ten-year special sentence "shall commence upon completion of the sentence imposed under any applicable criminal sentencing provisions *for the underlying criminal offense* and the person shall begin the sentence under supervision as if on parole." Iowa Code § 903B.2 (emphasis added). The words "underlying criminal offense" are a specific reference to the offense which led to the imposition of the ten-year special sentence, here, the Marshall County conviction. The only

way this sentence could be read to allow the special sentence to begin after Anderson completes the concurrent Story County sentences would require this court to ignore the words "underlying criminal offense."

The State argues the words "any applicable criminal sentencing provisions" suggest section 903B.2 be read to apply to any concurrent sentences. However, these words are modified by the phrase "for the underlying criminal offense" and therefore are limited to any sentencing provisions "for the underlying criminal offense," here, the Marshall County sentence.

The State questions how one can be in prison and on parole at the same time. Iowa Code section 906.1 defines parole as "the release of a person . . . , which release occurs prior to the expiration of the person's term, is subject to supervision by the district department of correctional services, and is on conditions imposed by the district department." Although the language of section 903B.2 indicates the special sentence should be served on parole, the specific language states it should be served "*as if* on parole." Iowa Code § 903B.2 (emphasis added). Use of the phrase "as if" allows the State to formulate a special sentence of parole, although the defendant is not necessarily being released from another sentence early. Similarly, the legislature's use of the words "as if on parole" indicate the requirement is compatible with a special sentence beginning while a defendant is serving a separate concurrent offense. This clarifies that the "special" parole contemplated could be served while in prison—it is "as if" the inmate is on parole.

The State also argues the statute's references to parole demonstrate the legislative intent for the special sentence to begin after any concurrent sentences. We disagree. We must determine legislative intent based on the language chosen by the legislature. *Byers*, 456

N.W.2d at 919; *see also Carolan v. Hill*, 553 N.W.2d 882, 887 (Iowa 1996) ("[W]e should not speculate as to the probable legislative intent apart from the wording used in the statute."). The legislature's use of the words "as if on parole" could suggest two alternate interpretations of the legislature's intent. First, as the State suggests, the intent behind section 903B.2 could be "to provide a controlled, gradual, supervised release into the community." *Popejoy*, 727 N.W.2d at 387. In *Popejoy*, the court of appeals held a two-year special sentence would begin to run only after the defendant served a separate concurrent sentence. *Id.* *Popejoy* considered Iowa Code section 709.8 (2001), a different statute than section 903B.2. Although the two are similar because both created a special sentence, the language used by the legislature is not identical. Section 709.8 referred to the "preceding sentence," which the court of appeals interpreted to include a concurrent sentence, *id.*, whereas section 903B.2 refers to the "underlying criminal offense."

The second potential rationale behind section 903B.2 is that those required to serve a special sentence be supervised for an additional ten-year period. As this court stated in *State v. Tripp*, 776 N.W.2d 855, 858 (Iowa 2010), "Parole is a lenient form of punishment that monitors a person's activities to ensure the person is complying with the law." If a defendant begins to serve the ten-year sentence while still imprisoned on a separate concurrent sentence, the defendant will still be supervised and monitored during that time.

Given the two possible rationales behind section 903B.2, we must rely on the language chosen by the legislature. The language of section 903B.2, which states that the special sentence "shall commence upon completion of the sentence imposed under any applicable criminal sentencing provisions for the underlying criminal offense and the person

shall begin the sentence under supervision as if on parole," cannot be read to include a separate and concurrent sentence. We hold the ten-year special sentence should have begun to run when the sentence for "the underlying criminal offense,"—Anderson's Marshall County sentence—was completed.

### IV. Conclusion.

Iowa Code section 903B.2 requires that a special sentence begin to run when the sentence for the underlying criminal offense is discharged, even if the defendant is serving a longer concurrent sentence. Anderson's ten-year special sentence should be calculated as if it began when he discharged the Marshall County sentence—the sentence for the underlying criminal offense.

**DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED WITH INSTRUCTIONS.**