**STATE of Iowa, Plaintiff–Appellee,**

v.

**Michael Leroy ANDERSON, Defendant–Appellant.**

**No. 10–1482.**

Court of Appeals of Iowa.

July 10, 2013.

Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Jennifer Miller, County Attorney, and Christopher Scott, Student Legal Intern for appellee.

Considered by VOGEL, P.J., BOWER, J., and MAHAN, S.J.*

MAHAN, S.J.

## I. Background Facts & Proceedings.

On February 23, 2007, Michael Anderson was charged in Marshall County with sexual exploitation of a minor, an aggravated misdemeanor, in violation of Iowa Code section 728.12(3) (2007).[1] Anderson entered a guilty plea to the charge, and the court accepted his plea. He was sentenced to a term of imprisonment not to exceed two years. This sentence was ordered to run concurrently with a sentence imposed in Story County.[2] For the Marshall County offense Anderson

---

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

1. The State alleged Anderson had images on his computer that depicted "a minor engaging in a prohibited sexual act or the simulation of a prohibited sexual act." *See* Iowa Code § 728.12(3).

2. Anderson had been convicted in Story County of two counts of enticing away a minor, in violation of section 710.10(2) (2005), and was sentenced to a term of imprisonment not to exceed five years in both cases, to be served consecutively.

was also ordered to serve a special sentence for a period of ten years pursuant to section 903B.2.

Anderson completed his two-year prison sentence in the Marshall County case and filed a motion seeking to commence the ten-year period of his special sentence. At that time, he had not completed his prison sentence on the Story County charges. The district court determined the Marshall County ten-year special sentence would commence when Anderson was released from prison following his sentence on the Story County convictions. Anderson appealed the district court's decision, and the Iowa Supreme Court reversed the district court. *State v. Anderson*, 782 N.W.2d 155, 159 (Iowa 2010). The case was remanded to the district court. *Id.* at 160.

On June 24, 2010, pursuant to the supreme court decision, the district court entered an order providing Anderson's ten-year special sentence under section 903B.2 (2007) would be calculated as if it began when he discharged the two-year Marshall County sentence. The order was subsequently clarified on June 29, 2010, to provide Anderson was committed to the custody of the director of the Iowa Department of Corrections for a period of ten years, with eligibility for parole as provided in chapter 906.

Anderson filed a pro se request for modification July 9, 2010, claiming the language of section 903B.2 required him to be placed on parole.[3] The court had scheduled a hearing but had not ruled on Anderson's request when he filed a notice of appeal July 29, 2010. A hearing was held August 9, 2010, but the district court

concluded based on the pending appeal it did not have jurisdiction to consider Anderson's concerns.

In the meantime, the State initiated proceedings under chapter 229A alleging Anderson was a sexually violent predator.[4] On November 5, 2010, the supreme court granted a limited remand to the district court to allow it to address Anderson's request to be placed on parole. The district court entered a decision December 16, 2010, denying Anderson's request. The court determined, "Anderson has no legal entitlement to a temporary respite from incarceration or from potential civil commitment for the mere purpose of completing his section 903B.2 special sentence."

## II. Standard of Review.

On issues of statutory construction, we review the district court's decision for the correction of errors of law. *State v. Dudley*, 766 N.W.2d 606, 612 (Iowa 2009).

## III. Merits.

■ Iowa Code section 903B.2 provides:

A person convicted of a misdemeanor or a class "D" felony offense under chapter 709, 726.2, or section 728.12 shall also be sentenced, in addition to any other punishment provided by law, to a special sentence committing the person into the custody of the director of the Iowa department of corrections for a period of ten years, with eligibility for parole as provided in chapter 906. The special sentence imposed under this section *shall* commence upon completion of

---

**3.** Anderson claimed the Iowa Board of Parole had determined he could be placed on parole but subsequently refused to place him on parole. "The parole board, an executive agency, is vested with the authority to determine which prisoners are released on parole."

Iowa Code § 906.3; *State v. Wade*, 757 N.W.2d 618, 628 (Iowa 2008).

**4.** It is not clear from the record in this criminal case when the civil proceedings under chapter 229A were commenced.

the sentence imposed under any applicable criminal sentencing provisions for the underlying criminal offense and the person *shall* begin the sentence under supervision *as if on parole.*

(Emphasis added.)

Parole is defined in section 906.1 as follows:

Parole is the release of a person who has been committed to the custody of the director of the Iowa department of corrections by reason of the person's commission of a public offense, which release occurs prior to the expiration of the person's term, is subject to supervision by the district department of correctional services, and is on conditions imposed by the district department.

The gist of this appeal is that Anderson wants to be released from prison and placed on parole for the duration of the ten-year special sentence to avoid civil commitment under chapter 229A. He argues the use of the word "shall" in the statute creates a mandatory duty that his special sentence would commence immediately after he completed his underlying sentence, and creates a mandatory duty that he would be placed on parole. *See State v. Klawonn,* 609 N.W.2d 515, 521–22 (Iowa 2000) (noting the use of the word "shall" imposes a duty). Anderson asserts section 903B.2 states he must begin his special sentence "under supervision as if on parole," and because section 906.1 states parole is the release of a person, section 903B.2 means he must be released on parole while he is serving his ten-year special sentence. He concludes, therefore, that he must complete his ten-year special sentence while released on parole before he would be subject to the provisions of chapter 229A.

In considering the meaning of statutes, "our primary goal is to give effect to the intent of the legislature." *State v. Hearn,* 797 N.W.2d 577, 583 (Iowa 2011). In looking for the legislature's intent, we first look to the words used in the statute. *State v. Soboroff,* 798 N.W.2d 1, 6 (Iowa 2011). "We determine the legislature's intent by the words chosen, not by what it should or might have said." *State v. Stone,* 764 N.W.2d 545, 549 (Iowa 2009). We assess the statute as a whole and do not consider just isolated words or phrases. *Kolzow v. State,* 813 N.W.2d 731, 736 (Iowa 2012).

In Anderson's previous appeal, the Iowa Supreme Court considered the meaning of section 903B.2 and found the statute was unambiguous. *Anderson,* 782 N.W.2d at 158. In that case the court found:

Iowa Code section 903B.2 requires that a special sentence begins to run when the sentence for the underlying criminal offense is discharged, even if the defendant is serving a longer concurrent sentence. Anderson's ten-year special sentence should be calculated as if it began when he discharged the Marshall County sentence—the sentence for the underlying criminal offense.

*Id.* at 159. Thus, the court has determined his special sentence under section 903B.2 should be considered to begin when he completed his underlying sentence for the Marshall County offense. *Id.*

In the previous appeal, the Iowa Supreme Court also considered whether Anderson could be considered to be serving his special sentence under section 903B.2 while he was still in prison for the Story County offenses. *Id.* at 158. The court stated:

The State questions how one can be in prison and on parole at the same time. Iowa Code section 906.1 defines parole as "the release of a person . . ., which release occurs prior to the expiration of the person's term, is subject to supervi-

sion by the district department of correctional services, and is on conditions imposed by the district department." Although the language of section 903B.2 indicates the special sentence should be served on parole, the specific language states it should be served "*as if* on parole." Iowa Code § 903B.2 (emphasis added). Use of the phrase "as if" allows the State to formulate a special sentence of parole, although the defendant is not necessarily being released from another sentence early. Similarly, the legislature's use of the words "as if on parole" indicate the requirement is compatible with a special sentence beginning while a defendant is serving a separate concurrent offense. This clarifies that the "special" parole contemplated could be served while in prison—it is "as if" the inmate is on parole.

*Id.* at 158–59.

The Iowa Supreme Court has already concluded section 903B.2 does not require the release of a person on parole. *Id.* at 159. The statute does not provide a person must be placed on parole, it provides a person must serve the special sentence "as if on parole." *See id.* The court found the rationale for section 903B.2 "is that those required to serve a special sentence be supervised for an additional ten-year period." *Id.* The court determined a person in prison on a separate sentence would be supervised and monitored, and thus be considered to be "as if on parole." *Id.*

■ If a person can be considered to be serving a special sentence "as if on parole" while the person is still in prison on other charges, we determine a person could also be considered to be serving a special sentence "as if on parole" while the person is subject to civil commitment under chapter 229A, or is being held pending proceedings under chapter 229A. *See id.*

We concur in the district court's statement, "Anderson's special sentence can continue to run notwithstanding his potential commitment under Chapter 229A." The district court further stated:

To summarize, Mr. Anderson was and is entitled to nothing more in this context than the right to have his 10–year special sentence commence immediately after he discharges the underlying prison sentence. This is true regardless of what other straits he might be in at the time, i.e., imprisonment on other charges or civil commitment pursuant to Chapter 229A.

In other words, Mr. Anderson has no legal entitlement to a temporary respite from incarceration or from potential civil commitment for the mere purpose of completing his Section 903B.2 special sentence.

We affirm the decision of the district court denying Anderson's request to be released on parole while he completes his special sentence under section 903B.2.

**AFFIRMED.**