# IN THE COURT OF APPEALS OF IOWA

No. 14-1268
Filed May 20, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOHN ALAN MAKLENBURG,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Worth County, Rustin T. Davenport (plea hearing) and Gregg R. Rosenbladt (sentencing hearing), Judges.


        A defendant appeals his sentencing following his guilty plea to two counts of lascivious acts with a child.  **AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**


        Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Kevin Cmelik and Sheryl A. Soich, Assistant Attorneys General, and Jeffrey H. Greve, County Attorney, for appellee.


        Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, J.**

John Maklenburg appeals his sentence following his guilty plea to two counts of lascivious acts with a child, in violation of Iowa Code section 709.8(1)(d) (2013). He asserts the district court abused its discretion in imposing judgment given his age, time in custody, educational progress, and employment prospects. He also contends the district court's imposition of consecutive special sentences, to commence upon the end of his consecutive prison sentences, was illegal because special sentences must begin upon the discharge of the sentence for underlying offenses. We affirm Maklenburg's sentences, we affirm the imposition of the two ten-year special sentences, but vacate the district court's direction that the special sentences are consecutive for a total of twenty years, and remand for entry of a corrected sentence.

**I.    Sentencing**

Maklenburg asserts the district court failed to properly balance several sentencing factors in sentencing him to two consecutive five-year prison terms. As he does not contend his consecutive prison sentences are outside a statutory limit, our review is for abuse of discretion. *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). An abuse of discretion is found only when the "sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.* Sentencing decisions of the district court are "cloaked with a strong presumption in their favor." *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995).

In determining an appropriate sentence, the district court is to weigh all pertinent matters, including "the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform." *Id.* It is within the district court's discretion to give weight one factor more than others. *State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983).

Maklenburg contends the district court abused its discretion by not giving enough weight to his young age, the fact that he spent a year in custody before sentencing, the educational strides he made while in custody, and his employment prospects. The State contends the district court did not abuse its discretion because it considered the pertinent factors and properly rested its sentencing decision on the presentence investigation (PSI) report and psychosexual evaluation.

Upon review of the record, we find the court considered not only the nature of the offense, but several other material factors in imposing Maklenburg's sentence. These factors included Maklenburg's rehabilitation prospects, the risk he presented to the community, his age, his employment prospects, his family, the psychosexual evaluation, and the PSI. The evaluation indicated Maklenburg lacked remorse, had issues with authority, and exhibited a high risk to reoffend. The PSI recommended Maklenburg receive consecutive prison sentences. Relying heavily on the psychosexual evaluation and PSI, the court stated it would like to defer judgment based on Maklenburg's age, but given his need for "structured" rehabilitation and his risk of reoffending, it declined to do so. We find

the district court did not abuse its discretion and considered and balanced the pertinent sentencing factors.

## II.    Special Sentences

Maklenburg contends the court imposed illegal special sentences by ordering the special sentences to begin upon the discharge of both five-year terms, as opposed to the discharge of his sentence for each underlying offense, per *State v. Anderson*, 782 N.W.2d 155, 159 (Iowa 2010).  He further implies, but does not argue, the court incorrectly ordered the special sentences to run consecutively for a total of twenty years.  The State asserts the special sentences do not commence until Maklenburg's completion of both sentences, since consecutive sentences are not severable under Iowa Code section 901.8.  We review challenges to an illegal sentence for correction of errors at law.  *State v. Maxwell*, 743 N.W.2d 185, 190 (Iowa 2008).  The State also asserts Maklenburg does not contest the consecutive structure of the special sentences.

The district court imposed special sentences pursuant to section 903B.2. Section 903B.2 provides that violators of section 709.8(1)(d) shall be sentenced, in addition to any other punishment provided by law, to a special sentence of ten years.  The imposition of the special sentence must commence upon the completion of the underlying criminal offense.  Iowa Code § 903B.2.

In *Anderson*, the defendant was serving a two-year sentence for a crime subject to section 903B.2.  That sentence was being served concurrently with two five-year sentences that were consecutive to each other and not subject to section 903B.2.  782 N.W.2d at 156.  While still incarcerated, he filed a motion

asking the court to order the commencement of his special sentence because he had discharged the two-year sentence, even though he would still be incarcerated on the unrelated offenses. *Id.* at 157. In reversing the district court's holding that the special sentence should commence upon the defendant's release from prison, our supreme court held the special sentence under section 903B.2 must begin to run when the sentence for the underlying criminal offense was discharged, regardless of other sentences the defendant may be serving at that time. *Id.* at 159.

The court in *Anderson* was considering the start date of the special sentence following completion of a sexual predator violation that ran concurrent to other non-sexually violent predator offenses. The State argues that under section 901.8, Maklenburg's consecutive five-year sentences are not severable, and therefore the special sentences must commence at the end of the entire term of incarceration. Section 901.8 provides in relevant part: "Except as otherwise provided in section 903A.7, if consecutive sentences are specified in the order of commitment, the several terms shall be construed as one continuous term of imprisonment." Section 903A.7 begins with: "Consecutive multiple sentences that are within the same category under section 903A.2 shall be construed as one continuous sentence for purposes of calculating reductions of sentence for earned time."

Maklenburg was convicted of two violations of section 709.8(1)(d), each of the same category of offense under section 903A.2. His prison sentences were ordered to be served consecutively. Thus, for purposes of calculating reductions

of sentence for earned time, section 903A.7 provides the sentences shall be construed as one continuous sentence. Calculation of a discharge date for the first of the consecutive sentences could only be accomplished if earned time were separately calculated for each sentence. Section 903A.7 mandates that is not the case. *See Thompson v. State*, 524 N.W. 160, 162-63 (Iowa 1994) (construing sections 901.8 and 903A.7 to treat consecutive sentences as one continuous sentence for disciplinary purposes); *McKeag v. Iowa Dep't of Corrections*, No. 12-0111, 2012 WL 4099114, at *1 (Iowa Ct. App. Sept. 19, 2012) (affirming district court's ruling that DOC could not provide an inmate with a "discharge date" for his first sentence of imprisonment when it was part of a consecutive sentence under section 901.8); *see also Pierce v. Iowa Dep't of Corrections,* No. 10-1384, 2011 WL 3925484, at *2 (Iowa Ct. App. Sept. 8, 2011) (rejecting inmate's postconviction-relief claim he had separately discharged his robbery sentence when his "one continuous term of imprisonment [had] not expired").

Accordingly, we determine the discharge date governing the commencement of the section 903B.2 special sentences shall be the discharge date of the continuous sentence as provided in sections 901.8 and 903A.7. Thus, we distinguish the *Anderson* holding and determine it is not controlling in this case involving consecutive sentences for two sexually predatory offenses each subject to section 903B.2 special sentences.

Having determined the commencement date for serving the section 903B.2 special sentences is the discharge date as directed above, and finding no

authority to postpone the commencement of serving that special sentence or to run them consecutive to each other, we vacate so much of the sentencing order that orders the section 903B.2 sentences to run consecutive to each other.

**III.   Conclusion**

The district court considered several pertinent factors and properly exercised its discretion when it imposed two consecutive five-year prison sentences.  The district court's order that the section 903B.2 special sentences commence upon Maklenburg's discharge of both underlying offenses was correct.  The imposition of consecutive section 903B.2 special sentences was illegal because the district court was without the authority to postpone the commencement of a special sentence to any date after the completion of the sentence for the underlying offense.  We affirm Maklenburg's prison sentences, we affirm the imposition of the two ten-year special sentences, but we vacate the district court's direction that the special sentences are consecutive for a total of twenty years, and remand for entry of a corrected sentence.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**