## IN THE COURT OF APPEALS OF IOWA

No. 15-1195
Filed June 15, 2016

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**ERIC DEMPSEY,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Marlita A. Greve,
Judge.

A criminal defendant appeals his sentence after pleading guilty to assault
with intent to commit sexual abuse and burglary in the second degree. **WRIT
ANNULLED.**

Gary D. Dickey Jr. of Dickey & Campbell Law Firm, P.L.C., Des Moines,
for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant
Attorney General, for appellee.

Heard by Potterfield, P.J., and Mullins and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

Eric Dempsey appeals his sentence after pleading guilty to assault with intent to commit sexual abuse and burglary in the second degree.  He argues his sentence is illegal because the district court lacked authority to order that his ten-year special sentence under Iowa Code section 903B.2 (2007) commence after the completion of his two-year additional sentence under section 901A.2(8).  We treat the appeal as a petition for writ of certiorari, find no illegality in the sentence, and annul the writ.

**I.  Background Facts and Proceedings**

On July 30, 2008, Dempsey pled guilty to assault with intent to commit sexual abuse, an aggravated misdemeanor, and burglary in the second degree, a class "C" felony.  *See* Iowa Code §§ 709.11, 713.5.  Assault with intent to commit sexual abuse also qualifies as a "sexually predatory offense."  *Id.* § 901A.1(1)(a).

Dempsey was sentenced by the district court on September 4, 2008.  The district court applied a mandatory sentencing enhancement and sentenced Dempsey to an indeterminate term of imprisonment not to exceed four years for the count of assault with intent to commit sexual abuse.  *See id.* § 901A.2(1) (requiring that a person convicted of a sexually predatory offense which is an aggravated misdemeanor be sentenced to and serve twice the maximum period of incarceration for the offense if the person has a prior conviction for a sexually predatory offense).  The district court sentenced Dempsey to an indeterminate term of imprisonment not to exceed ten years for the count of burglary in the

second degree.    Dempsey was ordered to serve the two sentences consecutively.

Dempsey was resentenced on September 11, 2008, because the district court had forgotten to impose the ten-year special sentence applicable to sex offenders.  *See id.* § 903B.2.  The district court ordered the ten-year special sentence to commence upon completion of the four-year term of imprisonment imposed for the assault-with-intent-to-commit-sexual-abuse offense.

Dempsey appealed his sentence.  Among his several arguments on direct appeal, Dempsey contended the district court illegally imposed the ten-year special sentence pursuant to section 903B.2.  *See State v. Dempsey*, No. 08-1611, 2009 WL 2170229, at *1 (Iowa Ct. App. July 22, 2009).  He argued the ten-year special sentence conflicted with another statutory provision more directly applicable to his convictions—the two-year term of parole or work release set forth as an additional sentence for his sexually predatory offense.  *Id.* at *3; *see also* Iowa Code § 901A.2(8). The State argued the two statutory provisions could be harmonized, and the district court's mistake was not that it applied the wrong statutory subsection but that it failed to apply both.  *Dempsey*, 2009 WL 2170229, at *3.

A panel of this court agreed with the State, finding, "Section 903B.2 plainly is an additional sentencing provision that is tacked on to section 901A.2(8), rather than an alternate, more general, sentencing provision."  *Id.*  Dempsey's sentence was vacated, and the case was remanded for resentencing so that the district court could impose the two-year term of parole prior to the ten-year special sentence.  *Id.* at *3–4.

Dempsey was resentenced a second time on November 25, 2009. The district court reaffirmed the consecutive four- and ten-year sentences before stating as follows:

> In addition, under [the count of assault with intent to commit sexual abuse], pursuant to Section 901A.2(8), the defendant is sentenced to an additional term of parole or work release of two years after discharge from custody. In addition, under [the same count], pursuant to Section 903B.2, the defendant is sentenced to an additional term of parole or work release of ten years after completion of the two-year additional term of parole or work release.

Dempsey filed a pro se motion for correction of an illegal sentence on March 30, 2015. The district court denied the motion on July 2, 2015. Dempsey now appeals.

## II. Standard of Review

We review both the district court's ruling on Dempsey's motion to correct an illegal sentence and the district court's construction of statutes for correction of errors at law. *State v. Maxwell*, 743 N.W.2d 185, 190 (Iowa 2008); *In re Det. of Swanson*, 668 N.W.2d 570, 575 (Iowa 2003). Because the district court's sentence is void if not authorized by statute, we examine Dempsey's sentence in order "to determine whether it complies with the relevant statutes." *State v. Freeman*, 705 N.W.2d 286, 287 (Iowa 2005) (citation omitted).

## III. Discussion

The State contends on appeal we lack jurisdiction to review the district court's denial of Dempsey's motion to correct illegal sentence because the denial of such a postjudgment motion is not appealable as a matter of right. Dempsey

replies that the district court's denial of his motion is appealable as a matter of right under Iowa Rule of Appellate Procedure 6.103(1), which provides:

> All final orders and judgments of the district court involving the merits or materially affecting the final decision may be appealed to the supreme court except as provided in this rule, rule 6.105 [(review of small claims actions)], and Iowa Code sections 814.5 [(the state as appellant or applicant)] and 814.6 [(the defendant as appellant or applicant)].

While the language of rule 6.103(1) might be read to permit an appeal from the denial of a motion to correct illegal sentence as an order involving the merits of the final judgment in a criminal case, the rule is expressly limited by Iowa Code section 814.6. Section 814.6(1) provides a criminal defendant may appeal as of right only from either "[a] final judgment of sentence, except in case of simple misdemeanor and ordinance violation convictions," or "[a]n order for the commitment of the defendant for insanity or drug addiction."[1]

---

[1] By way of comparison, the Tennessee Rules of Criminal Procedure explicitly provide for an appeal as of right from both a grant and a denial of a motion to correct an illegal sentence:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.
> . . . .
> (d) Upon the filing of an amended uniform judgment document or order otherwise disposing of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

Tenn. R. Crim. P. 36.1(a),(d). Tennessee's rule will become even more clear in July 2016, when the following amended language becomes effective:

> (f) Upon the filing of an amended uniform judgment document in those proceedings in which the court grants a motion filed under this rule, or upon the filing of an order denying a motion filed under this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

Tenn. R. Crim. P. 36.1(f) (effective July 1, 2016).

A defendant may challenge an illegal sentence at any time. Iowa R. Crim. P. 2.24(5)(a); *State v. Bruegger*, 773 N.W.2d 862, 869 (Iowa 2009). The filing of a motion to correct an illegal sentence under rule 2.24(5)(a) is the correct vehicle for such a challenge after the time for appeal has passed. However, we agree with the State that a defendant does not have the right to appeal the denial of a motion to correct an illegal sentence under Iowa Code section 814.6(1).[2] Rather, an appeal from the denial of a motion to correct an illegal sentence must be taken either: (1) by application for discretionary review under Iowa Rule of Appellate Procedure 6.106, of "[a]n order raising a question of law important to the judiciary and the profession" as permitted by Iowa Code section 814.6(2)(e); or (2) on petition for writ of certiorari under Iowa Rule of Appellate Procedure 6.107, as a claim the district court exceeded its jurisdiction or otherwise acted illegally.

In this case, where Dempsey challenges his sentence as illegal, we determine the proper form of review was by a petition for writ of certiorari.

---

[2] The Iowa Supreme Court and the Iowa Court of Appeals historically have reviewed these cases on appeal, without a challenge to jurisdiction. *See, e.g.*, *State v. Ragland*, 812 N.W.2d 654, 656–57 (Iowa 2012); *Bonilla v. State*, 791 N.W.2d 697, 700 (Iowa 2010) (construing postconviction relief action as a motion to correct an illegal sentence before considering appeal); *Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001); *State v. Cohrs*, No. 14-2110, 2016 WL 146526, at *1 (Iowa Ct. App. Jan. 13, 2016); *State v. Posey*, No. 15-0170, 2015 WL 6508494, at *1 (Iowa Ct. App. Oct. 28, 2015); *State v. Johnson*, No. 13-1839, 2014 WL 7343424, at *1 (Iowa Ct. App. Dec. 24, 2014); *State v. Walters*, No. 12-1555, 2013 WL 2146474, at *1 (Iowa Ct. App. May 15, 2013); *State v. Harrington*, No. 10-1299, 2012 WL 474162, at *1 (Iowa Ct. App. Feb. 15, 2012); *State v. Greening*, No. 10-0935, 2011 WL 768744, at *1 (Iowa Ct. App. Mar. 7, 2011); *State v. Millsap*, No. 08-1181, 2009 WL 2170246, at *1 (Iowa Ct. App. July 22, 2009); *State v. Cole*, No. 06-0579, 2007 WL 257856, at *1 (Iowa Ct. App. Jan. 31, 2007); *State v. Rowley*, No. 04-1394, 2006 WL 468354, at *1 (Iowa Ct. App. Mar. 1, 2006); *State v. Flowers*, No. 05-0951, 2005 WL 1630089, at *1 (Iowa Ct. App. July 13, 2005); *State v. Dickinson*, No. 00-898, 2001 WL 433417, at *1 (Iowa Ct. App. Apr. 27, 2001) (where the appeal concerned the district court's denial of a criminal defendant's motion to reconsider and for correction of sentence and "[t]he State agree[d] that a party may appeal from a ruling on a motion to correct sentence . . . .").

Pursuant to Iowa Rule of Appellate Procedure 6.108, we treat Dempsey's notice of appeal and briefs as a petition for writ of certiorari and grant the writ.

Moving to the merits of Dempsey's claim,[3] we begin our analysis by looking to the statutory language of Iowa Code section 903B.2:

> A person convicted of a misdemeanor . . . offense under chapter 709 . . . shall also be sentenced, in addition to any other punishment provided by law, to a special sentence committing the person into the custody of the director of the Iowa department of corrections for a period of ten years, with eligibility for parole as provided in chapter 906. The special sentence imposed under this section shall commence upon completion of the sentence imposed under any applicable criminal sentencing provisions for the underlying criminal offense and the person shall begin the sentence under supervision as if on parole . . . .

"The language of section 903B.2 is unambiguous. The statute states the ten-year special sentence 'shall commence upon completion of the sentence imposed under any applicable criminal sentencing provisions *for the underlying criminal offense* and the person shall begin the sentence under supervision as if on parole.'" *State v. Anderson*, 782 N.W.2d 155, 158 (Iowa 2010) (citation omitted). *But cf. State v. Maklenburg*, No. 14-1268, 2015 WL 2394145, at *3 (Iowa Ct. App. May 20, 2015) (determining *Anderson*'s holding is not controlling in cases involving consecutive sentences for two sexually predatory offenses each subject to section 903B.2 because those consecutive sentences are construed as one continuous sentence under section 901.8, and holding the

---

[3] We decline the State's invitation to apply the law-of-the-case doctrine and foreclose Dempsey's appeal. As discussed further below, we find the controlling authority has been clarified by a judicial decision of the Iowa Supreme Court subsequent to Dempsey's 2009 appellate ruling. Because the subsequent clarification serves as an exception to the general rule, the law-of-the-case doctrine does not apply. *See State v. Ragland*, 812 N.W.2d 654, 658 (Iowa 2012).

discharge date governing commencement of section 903B.2 special sentences in such cases shall be the discharge date of the single, continuous sentence).

Dempsey argues the *Anderson* decision compels us to find the district court lacked authority to delay commencement of the 903B.2 special sentence until after completion of the 901A.2(8) additional term of parole or work release. As a result, Dempsey argues, we must remand his case for resentencing with instruction that his ten-year special sentence commence upon completion of his four-year sentence for assault with intent to commit sexual abuse, so that his ten-year special sentence under section 903B.2 and his two-year additional term of parole or work release under section 901A.2(8) would run concurrently. We disagree.

In *Anderson*, the Iowa Supreme Court considered the appropriate time for commencement of the ten-year special sentence under section 903B.2 for a criminal defendant who was serving concurrent sentences for multiple counts. 782 N.W.2d at 156–57. The defendant in *Anderson* had already discharged his two-year sentence for the criminal offense which led to the imposition of the special sentence, but the district court held the ten-year special sentence should not be implemented until after he had discharged two unrelated five-year sentences. *Id.* The *Anderson* court held, "Iowa Code section 903B.2 requires that a special sentence begin to run when the sentence for the underlying criminal offense is discharged, even if the defendant is serving a longer concurrent sentence," and, thus, "the ten-year special sentence should have begun to run when the sentence for 'the underlying criminal offense,'—Anderson's [two-year] sentence—was completed." *Id.* at 159.

Dempsey's sentences are distinguishable from the defendant's sentences in *Anderson* in two ways: first, Dempsey was sentenced to consecutive sentences rather than concurrent ones; and second, Dempsey's sentence for assault with intent to commit sexual abuse is itself a three-part sentence consisting of the four-year sentence, the two-year additional sentence of parole or work release, and the ten-year special sentence. These distinctions are fatal to Dempsey's argument on appeal.

Unlike in *Anderson*, the district court here ordered that Dempsey's two sentences run consecutively. By law, his consecutive sentences merge into a single, continuous term of imprisonment. *See* Iowa Code § 901.8 ("[I]f consecutive sentences are specified in the order of commitment, the several terms shall be construed as one continuous term of imprisonment."). As a result, Dempsey's 903B.2 special sentence cannot begin prior to the discharge date of his single, continuous sentence. *See Maklenburg*, 2015 WL 2394145, at *3; *McKeag v. Iowa Dep't of Corr.*, No. 12-0111, 2012 WL 4099114, at *1 (Iowa Ct. App. Sept. 12, 2012) (agreeing with district court's determination there was no specific date on which the defendant's first sentence ended and second began because consecutive sentences must be construed as one continuous term of imprisonment).

More importantly, and also unlike in *Anderson*, Dempsey's sentence for the underlying criminal offense—assault with intent to commit sexual abuse— does not consist solely of a term of imprisonment. The express language of section 901A.2(8) mandated Dempsey be sentenced to two years of parole or work release "[i]n addition to any other sentence imposed" for the sexually

predatory offense. As a result, a plain reading of section 903B.2's statement, "The special sentence imposed under this section shall commence upon completion of the sentence imposed *under any applicable criminal sentencing provisions* for the underlying criminal offense," leads us to conclude the ten-year special sentence may only begin once Dempsey has completed both other components of his sentence for assault with intent to commit sexual abuse—the four-year term of imprisonment imposed under section 901A.2(1), which has merged into a continuous fourteen-year term of imprisonment pursuant to section 901.8, and the two-year additional sentence of parole or work release imposed under section 901A.2(8). Iowa Code § 903B.2 (emphasis added).

We therefore find the district court had statutory authority to order that commencement of his ten-year special sentence under section 903B.2 be delayed until after the completion of his two-year additional sentence under section 901A.2(8).

**WRIT ANNULLED.**