# IN THE COURT OF APPEALS OF IOWA

No. 16-1740
Filed September 13, 2017

**ANTHONY JOSEPH MELTON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Robert J. Blink,

Judge.


Appeal from the denial of an application for postconviction relief filed

pursuant to Iowa Code chapter 822 (2016). **AFFIRMED.**


Karmen R. Anderson of The Law Office of Karmen Anderson, Des

Moines, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich and William A. Hill,

Assistant Attorneys General, for appellee State.



Considered by Danilson, C.J., McDonald, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**MCDONALD, Judge.**

Iowa Code section 903B.2 (2011) provides:

A person convicted of a misdemeanor or a class "D" felony offense under chapter 709, section 726.2, or section 728.12 shall also be sentenced, in addition to any other punishment provided by law, to a special sentence committing the person into the custody of the director of the Iowa department of corrections for a period of ten years, with eligibility for parole as provided in chapter 906.

At issue in this appeal is the commencement date of the special sentence set forth in section 903B.2 where the defendant was convicted of multiple offenses and sentenced to consecutive sentences but not all of the offenses required imposition of the special sentence.

In February 2013, Anthony Melton was convicted of assault with intent to commit sex abuse, in violation of Iowa Code sections 708.1(1) and 709.11. The district court sentenced Melton to an indeterminate term of incarceration not to exceed two years and the ten-year special sentence required by section 903B.2. Later on the same day, in a separate proceeding, Melton was convicted of assault causing bodily injury and operating a motor vehicle without the owner's consent, in violation of Iowa Code sections 708.1(1), 708.2(2), and 714.7, respectively. The district court ordered the sentences for these convictions to be served consecutively to each other and consecutively to Melton's sentence for assault with intent to commit sex abuse. In total, Melton was ordered to serve an indeterminate term of incarceration not to exceed five years.

This case arises out of a postconviction-relief proceeding in which Melton challenged the administration of the special sentence. The postconviction record reflects Melton had discharged his sentence in the above-referenced cases. In

his application for postconviction relief, Melton requested the district court enter an order directing the department of corrections to treat the special sentence as if it had commenced upon the discharge of his sentence for assault with intent to commit sex abuse rather than upon the discharge the entire consecutive sentence. The district court denied Melton's application, concluding the consecutive sentences were a single, continuous sentence and the special sentence commenced upon discharge of the single, continuous sentence. Melton timely filed this appeal.

We begin our analysis with the relevant statutory provision. "When we interpret a statute, our goal is to determine legislative intent. To determine legislative intent, we look at the words the legislature chose when it enacted the statute, not the words it might have chosen." *State v. Pettijohn*, ___ N.W.2d ___, ___, 2017 WL 2823027, at *7 (Iowa 2017) (internal citation omitted). Iowa Code section 903B.2 sets forth the commencement date for the special sentence:

> The special sentence imposed under this section shall commence upon completion of the sentence imposed under any applicable criminal sentencing provisions for the underlying criminal offense and the person shall begin the sentence under supervision as if on parole or work release.

Iowa Code § 903B.2. The statute makes clear the special sentence commences upon completion of "the sentence" for "the underlying criminal offense."

Our interpretation of the relevant statute invites an additional question of statutory interpretation and construction: what is "the sentence" for the "underlying criminal offense"? Melton argues the "underlying criminal offense" was assault with the intent to commit sex abuse and "the sentence" for that offense was two years. Hence, Melton argues, the special sentence should

commence at the end of the two-year term. The State does not dispute the "underlying criminal offense" was assault to commit sex abuse. The State argues, however, "the sentence" for the underlying criminal offense is the entire five-year sentence.

Fortunately, the legislature has provided guidance in interpreting and construing this statutory provision. "When the legislature chooses to 'act as its own lexicographer' by defining a statutory term, we are ordinarily bound by its definition." *Pettijohn*, 2017 WL 2823027, at *7 (citation omitted). The legislature has provided consecutive sentences shall be considered a single, continuous term:

> Except as otherwise provided in section 903A.7, if consecutive sentences are specified in the order of commitment, the several terms shall be construed as one continuous term of imprisonment.

Iowa Code § 901.8. The supreme court has interpreted section 901.8 to require "consecutive sentences to be treated as one sentence." *Thompson v. State*, 524 N.W.2d 160, 162 (Iowa 1994). We thus conclude "the sentence" within the meaning of section 903B.2 is the single, continuous term of imprisonment arising out of the imposition of consecutive sentences for multiple offenses.

In resisting this result, Melton relies on *State v. Anderson*, 782 N.W.2d 155, 158 (Iowa 2010). In *Anderson*, the supreme court was required to determine when the special sentence commenced where the defendant was convicted of multiple offenses but the sentences were to be served concurrently. The court stated, "[t]he language of Iowa Code section 903B.2 is unambiguous. . . . . The words 'underlying criminal offense' are a specific reference to the offense which led to the imposition of the ten-year special

sentence . . . ." 782 N.W.2d at 158. The supreme court concluded the special sentence commenced upon the completion of the sentence for the specific offense giving rise to the special sentence even if the defendant remained incarcerated pursuant to other sentences. *See id.* Melton argues, likewise, the special sentence in this case should commence after two years even though he remained incarcerated for other offenses.

Melton's reliance on *Anderson* is misplaced for a practical reason. Assuming Melton's sentences for his three convictions were separate sentences, Melton seems to be under the impression that the sentence for assault with intent to commit sex abuse would be completed prior to his sentence for the other offenses. There is no reason why that is necessarily true. The sentences were ordered to be served consecutive to each other but not in any particular order. In administering the sentences, the department of corrections could administer the sentences for the other offenses first and the sentence for assault with intent to commit sex abuse last. Which means, for Melton, the sentence for the underlying offense would be completed at the end of the five-year term.

The practical problem with Melton's argument relates to the legal problem with Melton's argument—concurrent and consecutive sentences are treated differently and administered differently. *Anderson* simply recognizes concurrent sentences are legally separate sentences and administered separately. In contrast, consecutive sentences are legally a single, continuous sentence and administered as a single, continuous sentence. Our cases post-*Anderson* have recognized this distinction. For example, in *State v. Maklenburg*, this court distinguished *Anderson* and determined consecutive sentences for convictions of

two counts of lascivious acts with a child were one continuous sentence. *See* No. 14-1268, 2015 WL 2394145, at *3 (Iowa Ct. App. May 20, 2015). In *State v. Dempsey*, a defendant was sentenced to consecutive, indeterminate terms of incarceration not to exceed four years and to ten years for convictions of assault with intent to commit sexual abuse and a burglary in the second degree, respectively. *See* No. 15-1195, 2016 WL 3275306, at *1 (Iowa Ct. App. June 15, 2016). The defendant was also required to serve a special sentence pursuant to section 903B.2. *Id.* The court explained:

> Dempsey's sentences are distinguishable from the defendant's sentences in *Anderson* in two ways: first, Dempsey was sentenced to consecutive sentences rather than concurrent ones; and second, Dempsey's sentence for assault with intent to commit sexual abuse is itself a three-part sentence consisting of the four-year sentence, the two-year additional sentence of parole or work release, and the ten-year special sentence. These distinctions are fatal to Dempsey's argument on appeal.

*Id.* at *4. The *Dempsey* court concluded, "[b]y law, [a defendant's] consecutive sentences merge into a single, continuous term of imprisonment" and, "[a]s a result, Dempsey's 903B.2 special sentence cannot begin prior to the discharge date of his single, continuous sentence." *Id.*

We thus hold the district court did not err in denying Melton's application for postconviction relief. Melton was sentenced to three consecutive terms of incarceration for three separate offenses for a total term of incarceration not to exceed five years. One of the convictions triggered the special sentence to be imposed pursuant to Iowa Code section 903B.2. Iowa Code section 901.8 provides the consecutive sentences merged into a single, continuous sentence. *See Dempsey*, 2016 WL 3275306, at *4; *Maklenburg*, 2015 WL 2394145, at *3.

Melton's "sentence" for the "underlying criminal offense" was thus not completed until the discharge of his single, continuous term of incarceration not to exceed five years.

**AFFIRMED.**